IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02451-BNB

LENELLE GRAY,

      Petitioner,

v.

WARDEN DANIELS,

      Respondent.

---

ORDER

---

This matter is before the court on the letter (ECF No. 4) submitted by Petitioner,

Lenelle Gray, in which Mr. Gray asks the court to reconsider the court's Order Directing

Petitioner to Cure Deficiencies (ECF No. 3) entered in this action on September 17,

2012.  For the reasons discussed below, the request to reconsider will be denied.

Mr. Gray is a prisoner incarcerated at the United States Penitentiary in Florence,

Colorado.  He initiated this action by filing *pro se* a pleading titled "28 USC 2241 Habeas

Corpus Petition Actual Innocence" (ECF No. 1).  On September 17, 2012, the court

ordered Mr. Gray to cure certain deficiencies if he wishes to pursue his claims.  In

particular, the court ordered Mr. Gray to file an application for a writ of habeas corpus

on the court-approved form and either to pay the $5.00 filing fee or to file on the proper

form a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915.  Mr. Gray asks the court to reconsider the requirement that he use the court-

approved form because he is housed in a special management unit with limited access

to the law library, paper, and other legal materials.  Alternatively, Mr. Gray asks the court to provide him with a blank copy of the court-approved form as well as the original pleading he filed because he did not retain a copy of that pleading for his records.

The request to reconsider will be denied because the court's local rules require *pro se* prisoners to "use the forms established by this court to file an action." D.C.COLO.LCivR 8.2A.  However, the court will provide Mr. Gray with blank copies of the necessary forms and the court will return to Mr. Gray his original pleading in this action.  In the future, Mr. Gray should retain a copy of any papers he files with the court.

Mr. Gray also is advised that any request for a court order must comply with Rule 7 of the Federal Rules of Civil Procedure.  Pursuant to Rule 7(b)(1), "[a] request for a court order must be made by motion."  Furthermore, "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."  Fed. R. Civ. P. 7(b)(2).  The court will not consider any requests for court orders Mr. Gray may make in the future that do not comply with Rule 7.  Accordingly, it is

ORDERED that Mr. Gray's request to reconsider (ECF No. 4) is DENIED.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Gray, together with a copy of this Order, a blank copy of the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form, a blank copy of the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action form, and the original "28 USC 2241 Habeas Corpus Petition Actual Innocence" (ECF No. 1) filed in this action on September 14, 2012.  It is

FURTHER ORDERED that, in the future, all requests for a court order shall comply with Rule 7 of the Federal Rules of Civil Procedure.

DATED October 1, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge